## COURT OF APPEALS, JUNE TERM, 1802.

### Attorney General, at Relation of Godman, *vs.* Snowden *et al.*

A proclamator of land not compounded on, to all intents and purposes, is not to stand in the place of the original taker up. He is not to be considered as a party or privy to the original contract for the land.
A grant under a proclamation warrant does not relate to the original grant.
On an application to chancery to vacate a grant of land on account of fraud, &c. if not for the benefit of the state, the vacating of it will depend on the equitable circumstances to be established in favour of the relator.

Appeal from a decree of the Court of Chancery *dismissing* the complainant's bill.   As the decree states the nature of the question in controversy, it is deemed unnecessary to set out the bill and answers.

Hanson, Chancellor, (September 5th, 1799.)   The first thing to be remarked is, that this is not an application for the benefit of the state to vacate in the whole, or in part only, a grant fraudulently or improperly obtained by *Seth Warfield*.   The application is merely for the benefit of the relator, *Samuel Godman*; and whether or not he is to succeed is to depend on the equitable circumstances established in his favour.

That a proclamator of lands, to all intents and purposes, is to stand in the place of the original discoverer, and taker up, or of his assignee, is a position which appears to be wholly unfounded.   Supposing that the taking out and executing a warrant of resurvey created a contract between the Proprietary and the owner of the warrant, on what principle is it, that the proclamator, who comes in on the fail-

ure of the said owner, and the total dissolution of that contract, is to be considered as a party or privy thereto? What was in truth the nature of that contract, (if indeed it can be called a contract where only one of the parties is bound;) what is the nature of the contract to be ascertained, as it must be, from the warrant, the proclamation of the Proprietary, and the practice or usage of the land office? Whatever vacant land the owner of the warrant shall survey under the warrant, must be paid for at the established price, within two years after the warrant's date. The Proprietary shall otherwise be at liberty to grant it to the person who shall first apply; provided nevertheless, that if after the lapse of two years the said owner shall pay the price, before any application made by another person, the Proprietary shall still grant him the land.

It appears to the chancellor strange, to suppose, that a person, who comes in for the express purpose of defeating the interest of the said owner, shall nevertheless be considered as a party, or privy to his contract, and entitled to every advantage which the said owner might claim. Was it ever before supposed that the man who makes a contract shall, by a failure on his part, absolve the other party, and that another person shall, notwithstanding, whose name was neither mentioned nor thought of as a party or privy, have the full benefit intended by the contract, and in total destruction of his right and interest? No. The contract of the Proprietary with a proclamator is nothing more than this—whatever land you shall survey under the warrant, without violating the rules of my office, shall be patented to you, provided you shall pay me for it within the limited time.

What then is the land in the present instance which Mr. *Godman* agreeably to those rules could survey under the warrant? It was all the vacant land comprehended in *The Victory* which was contiguous to the original, of which *The Victory* was a resurvey, together with any other vacant land which might be found contiguous thereto. What is to be deemed

*June 1802*

*Attorney General*
*vs*
*Snowden*

contiguous is not necessary to explain. It is certain that no precedent can be adduced in favour of the complainant.

The Chancellor then may be considered as called upon to establish a precedent the consequences of which are obvious. If even the state of Maryland were the real complainant in a suit to vacate a grant obtained on a survey made contrary to the rules of office, and against the interest of the state, the circumstances must be extraordinary indeed which would induce this court to pass a decree which might thereafter be drawn into precedent, and which might shake the title of numerous honest purchasers. But supposing the grant to *Seth Warfield* to be such that this court, on proper application, might vacate it, the chancellor cannot consider the present complainant as the party entitled to apply. At the time of the grant he had no interest, and by his warrant he was entitled to no part of the land contained in the grant; and on no principle whatever can the warrant be considered to vest in him any right of action in this court which the state might have to vacate the grant.

The Chancellor has proceeded so far on the supposition that the tract of land called *The Warfields* did not prevent the contiguity, which is essential to the complainant; and whether or not the said tract did prevent the said contiguity, he considers himself under no necessity of deciding. He has ever made it a point to determine nothing more than he conceived material to the cause; and besides, *it is* well known, that this tribunal rarely, if ever, undertakes to decide on questions of location.

Upon the whole, as it has been admitted by the parties, and as it appears that the great material question in this cause is, whether or not the grant of *Warfield's Forest* shall be vacated or corrected—*Decreed*, that the bill of the complainant, *Samuel Godman*, be dismissed. From which decree the complainant appealed to this court.

*Martin*, (Attorney General,) *Ridgely* and *Johnson*, for the Appellant.

*Key* and *Shaaff*, for the Appellees.

THE COURT OF APPEALS at this term *affirmed* the decree of the Court of Chancery.