JOHN M. MICHAEL *vs.* SAMUEL S. JAY AND JOHN G. JAY.

*Ejectment—Covenant of Special Warranty by Ancestor Holding Life-Estate as Bar to Action by Heirs—Equitable Plea.*

Land was devised to A for life with remainder to plaintiffs, his sons. A conveyed the land in fee to defendant with covenant of special warranty. In an action of ejectment by plaintiffs after the death of A, defendant pleaded by way of equitable defense that in the con-

veyance by A, he did for himself, his heirs, personal representatives and assigns, covenant that he and they would forever warrant and defend the grantee against all persons whomsoever setting up any claim to said land by, through or under him, and that the plaintiffs are the heirs at law of A and devisees of his real estate, and that whether as devisee or heirs at law sufficient real assets belonging to A at the date of his death passed to plaintiffs to satisfy the said covenant. *Held*, upon demurrer. 1st. That this plea is bad, because it does not allege that the title under which plaintiffs claim was older and better than the title of the covenantor, A, or that it was in existence at the time A made the covenant. 2nd. That the plea is not one proper to be filed as a defense upon equitable grounds.

Appeal from the Circuit Court for Howard County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*George L. VanBibber* and *John J. Donaldson*, for the appellant.

The only question raised by this appeal relates to the refusal of the Court to accept the facts stated in said plea as a proper and sufficient defense to this action. The contention of the defendant is, that real estate of the value of the property in controversy having passed from John Jay to his two sons, the plaintiffs, barred the plaintiffs from recovering in ejectment, because of the warranty contained in the deed from John Jay to James B: Baker, and submits :

1. There can be no question that heirs named in the covenant of warranty of their ancestor are bound by such covenant to the extent of the real assets that may have come to them by descent or devise from such ancestor. *Co. Litt.*, 365; 3 *Washburn, R. Pr.* [660]; 7 *Bac. Abr.* 232; *Bigelow, Estoppel,* (5th ed.) 389; 1 *Salk.* 245; 4 *Dane's Abr.*, 493, section 7; 2 *Bl. Comm.* 243; *Carson* v. *Cemetery Co.*, 104 Pa. St. 575; *Bailey* v. *Alleghany Bk.*, 104 Pa. St. 425; *Bohon* v. *Bohon*, 78 Ky. 408; *Utterback* v. *Phillips*, 81 Ky. 62; *Chanvin* v. *Wagner*, 18 Mo. 531; *Bates* v. *Norcross*, 17 Pick. 14, 21; *Cole* v. *Raymond*, 9 Gray 217; *Russ* v.

*Perry*, 49 N. H. 547; *Potter* v. *Potter*, 1 R. I. 43; *Torrey* v. *Minor*, 1 S. and M. Ch. 489; *Carbrey* v. *Willis*, 7 Allen 364; *Nunnaley* v. *White*, 3 Metc. (Ky.) 584; *Colton* v. *Galbraith*, 14 S. E. Rep. 615; *Dyke* v. *Sweeting*, Willes, 585; *Griffith* v. *Ridgely*, 2 H. & McH. 418; *Nicholson* v. *Hemsley*, 3 H. & McH. 409; *Preston* v. *Evans*, 56 Md. 492.

2. The defense as here pleaded is in effect an equitable set-off. *Jacobson* v. *Hanse Towns*, cited by Ld. Hardwicke in *Shish* v. *Foster*, 1 Ves. Sr. 88; *Burns* v. *Hill*, 19 Ga. 22; inasmuch, as in an action on the covenant against the plaintiffs, the measure of recovery would be the value of the land with costs, etc. *Crisfield* v. *Storr*, 36 Md. 150–1; *Clagett* v. *Easterday*, 42 Md. 628; and a Court of Equity will interfere by injunction to enforce an equitable set-off, (*e. g.* unliquidated damages); *N. Chic., etc., Co.* v. *St. Louis, etc., Co.*, 152 U. S. 596; *Clement* v. *Field*, 147 U. S. 467.

A conclusive ground of equitable interference in this case is that the plaintiffs are only liable on the covenant to the extent of real assets devised by the covenantor, and before the appellant can reduce his claim on the covenant to judgment the appellees may alien such assets. "Under the Statute 3 and 4 W. and M., chapter 14, the devisee and heir may alien lands descended and devised to one who purchases *bona fide* before suit brought by creditors." *Alex. Br. Stats.* 577. Equitable relief in the case at bar comes directly within the principles laid down and followed by the Court in *Banks* v. *Haskins*, 45 Md. 207, 216; *Balto. & Han. R. R. Co.* v. *Algire*, 63 Md. 319; *Barnes* v. *Lloyd*, 1 How. Miss. 584.

3. There is nothing in section 69 of article 75 of the Code of Public General Laws that forbids special pleas in ejectment. The words of the section read "the defendant *may*" file a plea of not guilty, etc. That, in the view of this Court, special pleas are not *per se* improper in ejectment, is implied by its opinion in *Wallis* v. *Williamson*, 73 Md. 128. In Massachusetts, where the practice for the recovery of land is almost identical with ours, the defense

here relied on may be taken either under the general issue or by special plea. *Bates* v. *Norcross*, 17 Pick. 14. It was repeatedly held in England, under the Common Law Procedure Act, (from which our Equitable Defenses Law was copied), that a defendant does not lose his defense at law by mistakenly entitling his plea " for defense on equitable grounds." *Thorne* v. *Tillbury*, L. J. 27, Ex. 407; *Vorley* v. *Barrett*, 1 C. B. N. S. 225. And a plea so pleaded may be sustained as a plea at law if it discloses a good legal defense. *Hyde* v. *Graham*, 1 H. & C. 593 ; *Wakley* v. *Froggatt*, 2 H. & C. 669. It is therefore submitted that, even if the plea in question is not a good equitable defense, it presents a valid *legal* defense and is a complete bar to the action.

*John L. G. Lee* ( with whom was *John G. Rogers* on the brief ), for the appellees.

1. The land " Horner's Fishery" was not included in the deed from John Jay to James B. Baker, mentioned in said plea, and, if admitted that it did pass, there is no necessity for a general issue plea nor for defense on equitable grounds.

2. For breach of a covenant of warranty a suit in a Common Law Court for damages is the remedy, and not equity proceedings.

3. The said plea is bad, because it fails to state that the plaintiffs, Samuel S. Jay and John G. Jay, claim " Horner's Fishery" through, by or under John Jay by descent.

4. The equity is on the side of the plaintiffs, appellees here, as the defendant introduced in evidence all the facts he could have proved under the plea if it had been allowed. The deed mentioned in the plea was in evidence.

The regular defense in ejectment is " not guilty of the wrongs alleged." The plea says that the land in plaintiffs' declaration was conveyed by the John Jay deed to Baker. Whether it was or not was the only issue in the case. When they pleaded not guilty, they had the plea that could bring out the evidence of ownership. Then they ask an-

other plea, which simply is the same as the other, and add something else to make it an equitable plea.   We demurred to it as an equitable plea, saying that it is not such a plea as is contemplated by the Act of 1888, chapter 547.

We admit that covenant of warranty often operates to create a title to land by way of estoppel, even against the grantee of the warranty, by preventing a party from setting up an otherwise good title to the same.   As where one having no title to land conveys it with a covenant of warranty, and afterwards acquired a title to the same, he is estopped to claim the land, and this extends to the second grantee in favor of the covenantee, and in some cases an heir is rebutted from claiming by another and better title the land which his ancestors had conveyed with warranty, if such heir receives assets from his ancestor, the covenantor, sufficient to make good such warranty.   *Washburn R. P.,* vol. 3, pages 498 and 660; *Bates* v. *Norcross,* 17 Pick. 14, 21; *Towey* v. *Minor,* 1 Sm. & M. Ch. 389; *Cole* v. *Raymond,* 9 Gray, 217.

What is the inference?   It is that the heir must refund in damages for a breach of the contract of warranty of the ancestor.   It does not create an equitable ownership, and cannot be the subject of an equity suit.   The suit in ejectment will lie, and after the plaintiff, the heir, recovers he must answer in damages to the grantee for the breach of contract of his ancestor's deed.   The covenant of warranty is a personal one and a suit for damages is the remedy for a breach.   The tenant in possession does not have to wait for an actual ouster by law, but may yield possession to the paramount title and claim damages for breach of the covenant.   *Washburn R. P.,* vol. 3, * 665.

But heirs are only affected by an ancestor's warranty as to land acquired by descent from him and never to land acquired by purchase.   Jay left a will.   *Oliver* v. *Piatt,* 3 Howard 412.   *Bacon Abridgement,* Warranty ; *Russ* v. *Alpaugh,* 118 Mass. 369.

This plea does not say that the Jays hold by descent from

the grantor to Michael and Baker. Suppose they had bought those same lands from Michael, this plea would be fatally defective. They do not allege that we claim by, through or under John Jay. To prevent circuity of action, the covenant of the ancestor was held to operate as a rebutter to the demandant's claim. *Potter* v. *Potter*, 1 R. I. 43; *Co. Litt.* 365; *Washburn R. P.* * 668. Damages are for the purchase money and interest and never exceed this. *Washburn R. P.* vol. 3, * 673.

A rebutter on collateral warranty can be availed of on general issue. *Bates* v. *Norcross*, 17 Pick. 14. Covenant is the appropriate remedy to recover damages for the breach of an agreement under seal.

The modern rule in respect to covenants seems to be that they affect the grantor only, unless first, the heir had assets from him, and then only to the extent of the assets; or, unless secondly, the heir claims the land as heir of the grantor. *Pingrey, Real Prop.*, sec. 1446. Warranty only takes effect against the heirs when the estate descended and does not follow a title by purchase. The law carries the estate together with all its obligations and conditions. It will not strip an estate and hand it over. The appellants must not confound the plaintiffs as heirs with the plaintiffs as claimants. " Another objection is taken that Baum's heirs cannot insist upon any title to the property in question, because they are bound by the warranty of their ancestor in the conveyance thereof to Oliver. But this objection has no foundation whatsoever in law, whether the warranty be lineal or collateral, for the heirs here do not claim any title to the property by descent, but simply by purchase, and it is only to cases of descent that the doctrine of warranty applies. For this it is sufficient to cite *Litt.* sec. 735; *Co. Litt.* 365; *Com. Dig.* Guaranty S. 2; *Bacon's Abridgement*, Warranty, G. H. J. L.; *Oliver et al.* v. *Baum*, 3 How. 412. Warranty is not the subject of an equitable plea, because the tenant, if the claimant were to recover, would have his remedy by action of covenant on the warranty against the claimant, such

warranty to avoid circuity of action operates by way of rebutter to defeat and bar the action. *Bates* v. *Norcross, supra.*

BRISCOE, J., delivered the opinion of the Court.

This is an action of ejectment by the appellees to recover a parcel of land, called "Horner's Fishery," situated in Harford County. A former appeal in the case is reported in 82 Md. 1.

The land in question, together with the adjoining tracts, had been owned by the Misses F. F. and M. M. Smith, who devised the same to their brother, John Jay, for life with remainders in fee to his sons, who are the plaintiffs in this case. John Jay conveyed to one Baker, under whom defendant claims a tract of land alleged by defendant to embrace Horner's Fishery—the *locus in quo*—after having received from his sons, the plaintiffs here, a conveyance of their interests as remaindermen, under the wills of the Misses Smith in a farm called Mould's Success.

On the former appeal the principal question was whether these deeds conveyed plaintiffs' remainder in Horner's Fishery. It was held that the intention to convey all the real estate devised by the wills, or this particular tract of land, is not so clear and manifest as to justify the Court in determining from the face of the deeds that Horner's Fishery was conveyed by them. And the case was remanded for a new trial to determine that question as one of fact.

Upon the present appeal there are no bills of exception set forth in the record, and the only question presented for consideration is the action of the Court below in sustaining a demurrer to defendant's plea for defense on equitable grounds. But it appears from the record that the plaintiffs' first prayer and defendant's first and second prayers all of which were granted, submitted to the jury the question whether the deeds from the plaintiffs to John Jay conveyed Horner's Fishery, the tract sued for, or not, and that this question was found by them in favor of the plaintiffs.

The conveyance of the land, now sued for, by John Jay to Baker, under whom defendant claims, was a conveyance of the fee-simple interest in land by a life-tenant, and the present action is by the remaindermen, who do not claim under the life-tenant, to recover possession of the land after the expiration of the life-estate.

The defense relied on is stated in the plea to which a demurrer was interposed. "That a certain John Jay by his deed duly executed and delivered, bearing date on the fifth day of February, 1889, and recorded among the Land Records of Harford County, in Liber A. K. J., No. 63, folio 195, &c., did convey the lands in plaintiffs' said declaration mentioned, to James B. Baker in fee-simple, and the said Baker did thereafter convey the same in fee-simple to the defendant; that in said John Jay's said deed to the said Baker, the said John Jay did for himself, his heirs, personal representatives and assigns, covenant that he and they would forever warrant and defend the said Baker, his heirs and assigns against all persons whomsoever setting up any claim to said lands, by, through or under him, and especially against the said plaintiffs; that in or about the year 1892, said John Jay departed this life, and the said plaintiffs are heirs at law of said John Jay; that said John Jay left a last will and testament, duly executed, to pass real estate, whereby he devised certain real estate to said plaintiffs; that whether as devisees or heirs at law as aforesaid, sufficient real assets belonging to their said ancestor at the date of his death passed to the plaintiffs, to satisfy the said covenant."

The appellant in his brief says: "The contention of the defendant is, that real estate of the value of the property in controversy having passed from John Jay to his two sons, the plaintiffs, barred the plaintiffs from recovering in ejectment, because of the warranty contained in the deed from John Jay to James B. Baker."

We think the defendant's plea in this case, is manifestly bad. The plea does not state nor allege that the title

under which plaintiffs claim, was older and better than the title of the covenantor, John Jay, or that it was in existence at the date or before John Jay made the covenant. In *Crisfield et al.* v. *Storr*, 36 Md. 148, it is distinctly held that in an action for breach of covenant, the *narr.* must allege that the title under which plaintiff is evicted was better than that of the covenantor, or that it was in existence at the date and before the covenant was made. We quote from the opinion : " We think that this objection is well taken, and that the Court erred in not sustaining the demurrer. It is well settled that, in actions on covenant of warranty, it is necessary to prove that the eviction of the plaintiff was had under a title paramount, and existing at the date of the covenant, and this being so, it is equally necessary that the *narr.* should so allege. The reason assigned for the necessity for such an averment is, that it will be contended that the title of the person evicting is derived from the plaintiff, unless such an averment is contained in the *narr.* The necessity for such an averment is even greater where there have been several intermediate conveyances, as in the latter case it would be intended, if the *narr.* did not aver that the title of the party evicting was older and better, and existing at the date of the covenant, that he had derived it from some one of the intermediate grantees. In such a case the title of the party evicting might well be older and better than that of the defendant in the ejectment, and yet not older and better than that of the covenantor, and if it was not older and better than the latter there would be no breach of the covenant." *Fenwick* v. *Forrest*, 5 H. & J. 416, and cases there cited.

In the case at bar, the plaintiffs might claim under James B. Baker, or some other title which would not make a breach of John Jay's covenant. But apart from these considerations the demurrer to the defendant's plea was properly sustained. The plea should not have been filed as one for defense upon equitable grounds because the defense sought to be made by it, if valid at all, could have

been availed of under the general issue plea. *Bates* v. *Norcross*, 17 Pick. 14.

For these reasons the judgment will be affirmed with costs.

*Judgment affirmed with costs.*

(Decided March 23rd, 1900.)