## WILLIAM H. McCENEY, JR., INC. *v.* THIBADEAU

[No. 72, September Term, 1957.]

78

*Decided December 16, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND and HORNEY, JJ.

Submitted on brief by *Robert L. McClosky* for the appellant.

Submitted on brief by *Donald K. Staley, Stedman Prescott, Jr.,* and *Staley & Prescott* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree for specific performance of a contract dated December 8, 1954, to purchase a certain tract of land in Montgomery County, containing about seventeen acres, at a price of $42,500.00. The contract provided that "the title is to be good and marketable * * * or the deposit will be returned to the purchaser." The vendor subsequently obtained a patent from the State of Maryland, which was recorded among the land records of Montgomery County on July 11, 1956, pursuant to a special warrant dated April 21, 1955, for "vacant" land, under Code (1951), Art. 54, sec. 24. The contract recited that the land sold was "Part of a tract of land called 'Trundels Folly' consisting of 75 acres more or less * * *. " The appellant, purchaser, contends that the title is not good and marketable.

The only testimony, other than that of the vendor, who testified that he obtained a patent from the State in 1956, was that of Stedman Prescott, Jr., attorney at law, who testified: "I have examined the title to the realty in question, have gone back as far as 1835 and have been unable to find any chain of title to these premises. I have examined the title to the properties surrounding this property and this property appears to be lost property. I have not been able to find or identify any heirs who have any interest in the property and believe the title was good in the State of Maryland and that the patent to the land which was issued to Dr. Thibadeau would put a good and marketable title in him."

It is well settled that if "there is any reasonable chance that some third person might question the title after the consummation of the contract, the Court considers this a circumstance which renders the bargain a hard one for the purchaser, and will not compel him to execute it." *Garner v. Union Trust Co.,* 185 Md. 386, 389. Cf. *Brown v. Shilling,* 9 Md. 74; *Gill v. Wells,* 59 Md. 492, 495; and *Berlin v. Caplan,* 211 Md. 333, 343. See also Note, 57 A. L. R. 1253. It is also settled that the legal effect of a patent is to transfer to the party in whose name it issues all the right which the State possessed in the land that it describes, and no more. *Jay v. Van Bibber,* 94 Md. 688; *Gray v. Gray,* 178 Md. 566; 3

*American Law of Property,* § 12:23. The theory on which the patent issued in the instant case was that there was a vacancy, and there is no evidence in the record to show that a vacancy existed in fact. The recital that the tract described was a part of a larger tract containing seventy-five acres might indicate the contrary. If land has already passed from the State, then, until it shall have been returned to the State in some way, there can be no question of another grant. *Ramsay v. Butler, Purdum & Co.,* 148 Md. 438. It is also clear that the opinion of counsel as to the marketability of the title is not controlling, if admissible at all. *Berlin v. Caplan, supra.* Moreover, if, as the appellant asserts, the land records in Montgomery County are maintained on a name basis only, the testimony of the attorney that he could find no "chain of title" and that he was unable to find or identify "any heirs who have any interest in the property", is not very persuasive. In the absence of a "block" system, and without knowing the name of any former owner; it would appear that a search would necessarily be fruitless. It would also seem unlikely that the tract had been unpatented, unclaimed, or unoccupied prior to 1956, especially when described as part of a larger tract.

We are referred to no cases in point and we have found none. *Clement's Lessee v. Ruckle,* 9 Gill 326, relied on by the appellee, was an action of ejectment based on an escheat grant or patent, and in the absence of any evidence of title in the defendant or a stranger, or that the land had not escheated, it was held that the plaintiff's patent, being *prima facie* evidence of title, entitled him to a verdict. In the instant case, we think bare proof of the patent, and the negative testimony as to title search, is not sufficient to justify a decree of specific performance, because we think there is at least a reasonable chance that some former owner or occupier might assert a claim that would not be barred by the patent. We do not decide whether the title is good or bad, but simply that it is subject to so much doubt that the purchaser ought not to be obliged to accept it. *Berlin v. Caplan, supra.*

*Decree reversed and bill dismissed, with costs.*